**The Memorandum Decision and Order below is hereby signed.**
**Dated: October 10, 2008.**

_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
THE ROCK CREEK INTERNATIONAL   )   Case No. 07-00272
SCHOOL,                        )   (Chapter 11)
                               )   Not for Publication in
              Debtor.          )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DIRECTING DEBTOR
TO SUPPLEMENT OBJECTION TO CLAIM OF MARLIN LEASING CORP.

The debtor, Rock Creek International School, has filed an objection to the claim of Marlin Leasing Corp. ("Claimant").

I

The debtor has neglected to attach to the objection to the claim evidence in admissible form to rebut the prima facie correctness of the proof of claim (having attached a letter without an affidavit authenticating the letter, and the letter itself having not acknowledged that payment went through). Accordingly, the debtor will be required to supplement its objection to the claim.

II

Because the alleged payment here was made postconfirmation, the debtor could simply treat the claim as paid, without the

necessity of obtaining a disallowance of the claim. The confirmation order imposed on the debtor the obligation to pay those claims that were allowed claims in the case, meaning, implicitly, those allowed claims as of the confirmation date. Upon the claim being paid, it was satisfied, and that similarly satisfied the debtor's obligation under the plan to pay the allowed claim.[1]

Nevertheless, if a creditor is contending that it has an allowed claim when the claim has already been paid, an objection to the claim is an appropriate vehicle for disposing of that dispute. Upon an objection to claim being made, the amount of the claim is determined as of the petition date. 11 U.S.C. § 502(b). But such a claim is not to be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). That provision should be read as meaning that the estate is entitled to invoke any defense it would have to paying the claim under 11 U.S.C. § 558, including any defense the debtor

---

[1] If the claim had been paid postpetition but preconfirmation, then the debtor might feel compelled to obtain an order disallowing the claim because it *was* an allowed claim as of the confirmation date (absent an objection to the claim), and was literally required to be paid if it remained an allowed claim (even though already paid). As a practical matter, however, the creditor would recognize that it had been paid and cease pressing the claim, and acknowledge that no obligations remained to it under the confirmed plan.

would have based on payment of the claim in full. That is the interpretation that F.R. Bankr. P. 3007(d)(5) incorporates in providing that objections to claims may be on the ground that the claims "have been satisfied or released during the case in accordance with the Code, or applicable rules, or a court order," and thus that disallowance of a claim based on payment is not tested as of the petition date.[2]

### III

It is thus

ORDERED that by November 5, 2008, the debtor shall file a supplementation to its objection to the proof of claim of Marlin Leasing Corp. rebutting the prima facie validity of that proof of claim, if such rebuttal evidence is available, and if no such supplementation is filed, the claim will be allowed as of the petition date, without prejudice to the debtor's position that it paid the claim postpetition.

[Signed and dated above.]

---

[2] When a confirmed plan did not call for full payment of an allowed claim, an objection to claim based on the required plan payment having been made is really a request for a determination that the debtor's obligation under the plan regarding paying the allowed claim has been satisfied, not an objection that the allowed amount of the claim has been paid. It is not clear that an objection to claim would be the appropriate vehicle for determining such a dispute. if the payment of the claim required under the plan was less than the allowed amount of the claim. But here the payment was for the full amount of the allowed claim.

Copies to: Debtor; Debtor's attorney; Office of United States
Trustee; Patrick J. Potter, and:

Marlin Leasing Corp.
300 Fellowship Road
Mount Laurel, NJ 08054
Acct. No. 1-87327-3

Bill Arnold
Marcher Consultants, Inc
8230 Leesburg Pike, Suite 610
Vienna, VA 22182